UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                              File No. 1:05-CR-05

v.

                                              HON. ROBERT HOLMES BELL

JULIE ANN GLASSBROOK,

        Defendant.
                                          /

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Julie Ann Glassbrook's motion for severance from her co-defendant pursuant to FED. CRIM. R.14(a).

Defendant has been charged, along with her husband, Michael Wallace Glassbrook, in an indictment with two counts of knowingly and intentionally manufacturing more than 5 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii). Before the Court is Defendant's motion to sever her trial from her co-defendant and proceed with a separate trial. For the reasons stated below, the Court will deny Defendant's motion.

I.

FED. R. CRIM. P. 8(b) provides for the joinder of defendants in a single indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Indeed, there is a preference in the federal system for joint trials of defendants who are indicted together, especially where an

indictment alleges a conspiracy or joint participation in a common scheme. *See e.g.*, *Zafiro v. United States*, 506 U.S. 534, 537 (1993); *United States v. Tocco*, 200 F.3d 401, 413-14 n. 5 (6th Cir. 2000) ("We adhere to the 'strong policy in favor of joint trials when charges will be proved by the same series of acts.'") (quoting *United States v. Horton*, 847 F.2d 313, 317 (6th Cir. 1988)).

Although joint trials of co-defendants are preferred, the federal rules recognize that in certain situations joinder of defendants may be prejudicial. Thus, FED. R. CRIM. P. 14(a) provides that the district court may sever defendants' trials if joinder "appears to prejudice a defendant or the government." FED. R. CRIM. P. 14(a). "[T]he decision to deny a motion for severance rests within the wide discretion of the trial court . . . ." *United States v. Breinig*, 70 F.3d 850, 852 (6th Cir. 1995) (citing *United States v. Moore*, 917 F.2d 215, 219 (6th Cir. 1990)). Severance should be granted only if there is "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. Defendant has a "heavy burden of showing specific and compelling prejudice" from joinder with her co-defendant. *United States v. Harris*, 9 F.3d 493, 500 (6th Cir. 1993). "The fact that a defendant may have a better chance at acquittal if his trial were severed does not require the judge to grant his motion: the defendant must show 'substantial,' 'undue,' or 'compelling prejudice.'" *United States v. Lopez*, 309 F.3d 966, 971 (6th Cir. 2002) (quoting *United States v. DeFranco*, 30 F.3d 664, 669-70 (6th Cir. 1994)).

II.

Defendant acknowledges that it is not sufficient for her to allege that her co-defendant claims he is innocent and that Defendant is responsible for the crimes charged. Such mutually antagonistic defenses are not prejudicial per se. *See Zafiro*, 506 U.S. at 539. Nevertheless, Defendant argues that she will be substantially prejudiced by a joint trial because pretrial discovery has revealed a "General Affidavit of Michael W. Glassbrook," in which Mr. Glassbrook "makes exculpatory statements as to himself, but makes inculpatory statements as to Defendant Julie Ann Glassbrook." Brief in Support of Defendant's Motion for Severance at 2. Defendant contends that if this evidence is presented at trial she will be severely prejudiced. Further, Defendant argues that, based upon the affidavit, the parties have antagonistic defenses which will prejudice Defendant's case.

Defendant overstates the prejudice, if any, she will suffer from Mr. Glassbrook's affidavit. The fact that the affidavit reveals that the co-Defendants will likely have antagonistic defenses is not sufficiently prejudicial. *Zafiro*, 506 U.S. at 539. Moreover, Defendant has failed to allege a specific trial right that will be compromised by the joinder. *Id*. First, the affidavit is clearly inadmissible hearsay as to either defendant because it is an out of court statement offered to prove the truth of the matter asserted. FED. R. EVID. 801(c). Second, while the government could possibly introduce the affidavit against Mr. Glassbrook as an admission of a party-opponent under FED. R. EVID. 801(d)(2), they have alerted the Court that they will not be offering the statement during their case-in-chief. Moreover, even

3

if the Government were to introduce the statement for a legitimate purpose, the statements relating to Defendant would have to be redacted pursuant to the *Bruton v. United States*, 391 U.S. 123 (1968), line of cases.  *See e.g.*, *Richardson v. Marsh*, 481 U.S. 200, 211 (1987); *Gray v. Maryland*, 523 U.S. 185, 192-93 (1998); *United States v. Cobleigh*, 75 F.3d 242, 248 (6th Cir. 1996).

Defendant has failed to satisfy her heavy burden of demonstrating sufficient prejudice to warrant altering the preference for joint trials of co-defendants.  Any risk of prejudice from a joint trial can be sufficiently remedied by an instruction to the jury.  *See Zafiro*, 506 U.S. at 540-41; *United States v. Welch*, 97 F.3d 142, 147 (6th Cir. 1996) ("[J]uries are presumed capable of sorting evidence and separately considering each count and each defendant.") (citing *United States v. Medina*, 992 F.2d 573, 587 (6th Cir. 1993)); *Cobleigh*, 75 F.3d at 248.  A joint trial in this matter will serve the interests of justice by avoiding inconsistent verdicts and will facilitate the conduct of a speedy and efficient trial.  *See Richardson*, 481 U.S. at 210; *Welch*, 97 F.3d at 147-48.  Further, a joint trial will avert the need for multiple presentations of the evidence in a case that appears to encompass the same transactions and acts.  Accordingly,

**IT IS HEREBY ORDERED THAT** Defendant Julie Ann Glassbrook's motion for severance (Docket #44) is **DENIED**.

Date:     June 21, 2005                    /s/ Robert Holmes Bell
                                           ROBERT HOLMES BELL
                                           CHIEF UNITED STATES DISTRICT JUDGE