UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                                File No.  1:05-CV-05

v.

                                                HON. ROBERT HOLMES BELL

JULIE ANN GLASSBROOK,

        Defendant.
                                        /

## MEMORANDUM OPINION AND ORDER

       This matter is before the Court on Defendant Julie Ann Glassbrook's motion in limine regarding FED. R. EVID. 404(b) evidence.  Defendant seeks an order precluding the government from offering evidence under Rule 404(b) regarding Defendant's prior retail fraud convictions.

       Defendant has been indicted along with her husband, Michael Wallace Glassbrook, with knowingly and intentionally manufacturing more than 5 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) and knowingly and intentionally possessing with intent to distribute more than 5 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii).

       Defendant wishes to exclude three prior convictions for retail fraud, in violation of MICH. COMP. LAWS § 750.356d.  The three prior convictions occurred in October 1995, June 1998, and November 2004.  It appears that the Government does not intend to offer evidence

of the three prior convictions under Rule 404(b) in their case in chief.[1]  Accordingly, Defendant's motion pursuant to FED. R. EVID. 404(b) and 403 is denied as moot.

The Government, however, has indicated that in the event Defendant testifies at trial, they may introduce the prior convictions as impeachment evidence pursuant to FED. R. EVID. 609(a)(2).  Rule 609(a)(2) provides that "evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment," for the limited purpose of attacking the credibility of the witness.  FED. R. EVID. 609(a)(2).  Evidence of a prior conviction for a crime involving dishonesty, that is less than ten years old, is admissible without regard to the Rule 403 balancing test.  *See United States v. Sloman*, 909 F.2d 176, 180 (6th Cir. 1990).  In other words, the Court does not have any discretion to deny admissibility of a conviction under 609(a)(2), unless it is more than 10 years old.  *United States v. Morrow*, 977 F.2d 222, 228 (6th Cir. 1992).

The three prior retail fraud convictions are less than 10 years old, thus if they involved dishonesty or false statement, they would be admissible to impeach Defendant, if she chose to testify.  *See People v. Parcha*, 227 Mich. App. 236, 246-47, 575 N.W.2d 316, 321-22 (1997) (holding that admissibility of evidence of a conviction of violating M.C.L. § 750.356d under state analogue of Rule 609 turns on the "specific factual underpinning of the conviction."); *McHenry v. Chadwick*, 896 F.2d 184, 188-89 (6th Cir. 1990) (looking to state

---

[1] The Government has indicated that they intend to introduce evidence pursuant to 404(b) of a fourth attempted theft on December 23, 2004.  This incident is not before the Court at this time.

law to determine if conviction for concealing stolen property was an offense involving dishonesty within Rule 609(a)(2)).  Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion in limine regarding Rule 404(b) evidence (Docket #42) is **DENIED** as moot.


Date:      July 11, 2005              /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      CHIEF UNITED STATES DISTRICT JUDGE